UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK WILLIAMS,

    Petitioner,                                      Civil No. 05-CV-71580-DT
                                                    HONORABLE VICTORIA A. ROBERTS
v.                                                 UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

      Frederick Williams, ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, Petitioner challenges his convictions for first-degree murder, M.C.L.A. 750.316; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. Petitioner has now filed a motion to stay the proceedings and hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not yet been exhausted with the state courts and that apparently are not included in his current habeas petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit Petitioner to return to the state courts to exhaust his additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

1

## I.  Background

Petitioner was convicted of the above offenses, as well as the offense of arson, following a jury trial in the Wayne Circuit Court on April 5, 2002.

Petitioner, through counsel, filed an appeal with the Michigan Court of Appeals, raising the following claims:

> I.  Defendant was denied his Ams. V and XIV rights of due process and his Am. VI right to a fair trial when trial counsel was ineffective for failing to object and move to suppress the suggestive in-court identification, where at a corporeal lineup witness picked someone other than defendant and he finally picked defendant and later identified defendant at trial without a sufficient independent basis to identify him in court.
>
> II. Defendant was denied his Ams. V and XIV rights of due process when the court allowed introduction of evidence of flight.
>
> III.  Defendant was denied his Ams. V and XIV rights of due process when the defendant's exercise of his right of silence was exposed.
>
> IV.  Defendant was denied his Ams. V and XIV rights of due process and his Am. VI right to a fair trial when he was refused counsel prior to a confession.

The Michigan Court of Appeals affirmed Petitioner's conviction, although it vacated Petitioner's arson conviction. *People v. Williams,* 245176 (Mich.Ct.App. June 24, 2004).

Petitioner thereafter filed a *pro se* application for leave to appeal to the Michigan Supreme Court, in which he raised the same claims.  On January 31, 2005, the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Williams,* 472 Mich. 862; 692 N.W. 2d 387 (2005).

On May 2, 2005, Petitioner filed a petition for writ of habeas corpus, in which he sought habeas relief on the four grounds that he raised in the Michigan courts. On October 28, 2005, respondent filed an answer to the petition for writ of habeas corpus. On November 8, 2005, this Court granted Petitioner's motion to strike his original habeas petition, granted him time to file an amended petition, and granted respondent additional time to file an answer to the amended petition for writ of habeas corpus.

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise additional claims which have not yet been exhausted with the state courts.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will grant Petitioner's motion to hold the petition in abeyance while he

returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the Petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). In order to avoid Petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for 60 days and will allow Petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Id.;Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to

appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III.  ORDER

Accordingly, it is **ORDERED** that Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.**  If Petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the Petitioner's exhaustion of the claim or claims.  The Petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings.  Petitioner is free at that time to file an amended habeas petition which contains his newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

IT IS SO ORDERED.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 4, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 4, 2006.

s/Linda Vertriest
Deputy Clerk